UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:16-cv-01883-CAS(SSx) | Date | August 9, 2016 |
|---|---|---|---|
| Title | ERIKA MADRIGAL V. SENIOR AEROSPACE SSP, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Not Present | | Not Present | |

**Proceedings:**    (IN CHAMBERS) - DEFENDANT AEROTEK, INC.'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT (Dkt. 34, filed July 8, 2016)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15.  Accordingly, the hearing date of August 15, 2016, is vacated, and the matter is hereby taken under submission.

## I.    INTRODUCTION & BACKGROUND

On May 27, 2016, plaintiff Erika Madrigal filed the operative Second Amended Complaint ("SAC") in this action against defendants Senior Aerospace SSP, Senior Operations, LLC, Senior Operations, Inc., Senior PLC, Aerotek, Inc. ("Aerotek"), and Does 1 through 100 (collectively, "defendants"). Dkt. 25. Plaintiff asserts claims against defendants for: (1) pregnancy discrimination in violation of FEHA; (2) pregnancy discrimination in violation of public policy; (3) retaliation for complaints of pregnancy discrimination in violation of FEHA; (4) retaliation for complaints of pregnancy discrimination in violation of public policy; (5) disability discrimination in violation of FEHA; (6) disability discrimination in violation of public policy; (7) retaliation for requests for accommodation, and/or complaint of disability discrimination in violation of FEHA; (8) retaliation for requests for accommodation, and/or complaint of disability discrimination in violation of public policy; (9) failure to accommodate in violation of FEHA; (10) failure to engage in the interactive process in violation of FEHA; (11) California pregnancy disability leave discrimination/interference in violation of FEHA; (12) California pregnancy disability leave discrimination/ interference in violation of public policy; (13) retaliation for requests for accommodation, and/or complaints of California pregnancy disability leave discrimination in violation of FEHA; (14)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:16-cv-01883-CAS(SSx) | Date | August 9, 2016 |
|---|---|---|---|
| Title | ERIKA MADRIGAL V. SENIOR AEROSPACE SSP, ET AL. | | |

retaliation for requests for accommodation, and/or complaints of California pregnancy disability leave discrimination in violation of public policy; and (15) failure to do everything reasonably necessary to prevent discrimination, and retaliation from occuring in violation of FEHA.  In brief, plaintiff alleges that she was employed by defendants and that she was unlawfully discriminated against and ultimately terminated by defendants on the basis of her pregnancy and pregnancy-related disabilities.

On July 8, 2016, defendant Aerotek filed a motion to dismiss portions of plaintiff's SAC pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for a more definite statement. Dkt. 34. In particular, Aerotek moves to dismiss plaintiff's Fifth, Sixth, Seventh, Eighth, and Ninth Claims each of which asserts some form of disability discrimination. Id. On July 13, 2016, the remaining defendants joined in Aerotek's motion to dismiss and for a more definite statement. Dkt. 35. On July 18, 2016, plaintiff filed an opposition, Dkt. 36, and on July 25, 2016, defendants filed a reply, Dkt. 37. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a  cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:16-cv-01883-CAS(SSx) | Date | August 9, 2016 |
|---|---|---|---|
| Title | ERIKA MADRIGAL V. SENIOR AEROSPACE SSP, ET AL. | | |

dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## III.   ANALYSIS

Defendants' move to dismiss plaintiffs Fifth Claim (disability discrimination in violation of FEHA), Sixth Claim (disability discrimination in violation of public policy), Seventh Claim (retaliation for requests for accommodation, and/or complaint of disability discrimination in violation of FEHA), Eigth Claim (retaliation for requests for accommodation, and/or complaint of disability discrimination in violation of public policy), and Ninth Claim (failure to accommodate in violation of FEHA).  As a prerequisite for each of these claims, plaintiff must allege that she suffers from a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    'O'

| Case No. | 2:16-cv-01883-CAS(SSx) | Date | August 9, 2016 |
|---|---|---|---|
| Title | ERIKA MADRIGAL V. SENIOR AEROSPACE SSP, ET AL. | | |

qualifying disability.  See, e.g., Faust v. California Portland Cement Co., 150 Cal. App. 4th 864, 886 (2007) ("A prima facie case for discrimination on grounds of physical disability under the FEHA requires plaintiff to show: (1) *he suffers from a disability*; (2) he is otherwise qualified to do his job; and, (3) he was subjected to adverse employment action because of his disability.") (emphasis added)(citations omitted); Scotch v. Art Inst. of California-Orange Cnty., Inc., 173 Cal. App. th 986, 1009-10 (2009) ("The elements of a failure to accommodate claim are (1) *the plaintiff has a disability under the FEHA*, (2) the plaintiff is qualified to perform the essential functions of the position, and (3) the employer failed to reasonably accommodate the plaintiff's disability.") (emphasis added). Here, defendants allege that plaintiff has failed to adequately allege that she suffers from a qualifying disability. For the following reasons the Court agrees.

Under FEHA, "[n]ot every illness qualifies as [a] disability." Avila v. Continental Airlines, Inc., 163 Cal. App. 4th 1237, 1249 (Cal. Ct. App. 2008). The California Court of Appeal has explained the test a plaintiff must satisfy to demonstrate a qualifying disability under FEHA as follows:

> Under the FEHA, "physical disability" includes having a physiological disease, disorder, or condition that, by affecting the neurological or musculoskeletal body systems, special sense organs or skin, "limits" a "major life activity." ([Cal. Gov't. Code] § 12926, subd. (k)(1)(A), (B).) "Limits" is synonymous with making the achievement of a major life activity "difficult." (Id., subd. (k)(1)(B)(ii).) "Major life activity" is construed broadly and includes physical, mental, and social activities, and working. (Id., subd. (k)(1)(B)(iii).) " '[W]orking' is a major life activity, regardless of whether the actual or perceived working limitation implicates a particular employment or a class or broad range of employments." ([Cal. Gov't. Code] § 12926.1, subd. (c).) Whether a major life activity is limited "shall be determined without regard to mitigating measures such as medications, assistive devices, prosthetics, or reasonable accommodations, unless the mitigating measure itself limits a major life activity." ([Cal. Gov't. Code] § 12926, subd. (k)(1)(B)(I).)

Arteaga v. Brink's, Inc, 163 Cal. App. 4th 327, 345 (2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:16-cv-01883-CAS(SSx) | Date | August 9, 2016 |
|---|---|---|---|
| Title | ERIKA MADRIGAL V. SENIOR AEROSPACE SSP, ET AL. | | |

Here, plaintiff's allegations regarding her disability are as follows:

> PLAINTIFF MADRIGAL's protected status under the FEHA is PLAINTIFF MADRIGAL's disabilities, including but not limited to PREGNANCY which (1) limited major physical, mental, social and/or working life activities and made the achievement of major physical, mental, social and/or working life activities difficult; (2) required special education and/or related services; (3) PLAINTIFF MADRIGAL had a record and/or history of, which was known to the defendant EMPLOYER; (4) defendant EMPLOYER regarded and/or treated PLAINTIFF MADRIGAL as having and/or having had, a condition that makes achievement of life activity difficult and; (5) defendant EMPLOYER regarded and/or treated PLAINTIFF MADRIGAL as having and/or having had, a disease, disorder, condition, and/or health impairment that has no present disabling effect but that may become a disability in the future.

SAC ¶ 79. These allegations are insufficient to state claims for disability discrimination. Plaintiff has merely parroted the definition of a qualifying disability in conclusory fashion without providing any details regarding how she is disabled. Most significantly, while plaintiff states that her disability makes the achievement of major life activities difficult, she fails to identify what those major life activities are. See also Cassista v. Community Foods, Inc., 5 Cal. th 1050, 1061 (1993) ("the touchstone of a qualifying handicap or disability is an actual or perceived physiological disorder which affects a major body system and limits the individual's ability to participate in one or more major life activities."). When a plaintiff claims that she is disabled, courts have generally required the plaintiff to plead that disability with some factual specificity. See, e.g., Olson v. Mono Cnty. Sup. Ct., 2014 WL 1671586, at *4 (E.D. Cal. Apr. 28, 2014) (dismissing FEHA disability discrimination claim with leave to amend and noting "[a]t the very least, plaintiff should plead facts describing the nature of her disability."); Klamut v. California Highway Patrol, 2015 WL 9024479, at *7 (N.D. Cal. Dec. 16, 2015) (noting under analogous claim for disability discrimination in violation of the Americans With Disabilities Act that "courts have generally required the plaintiff to plead the disability with some factual specificity"); Bresaz v. Cnty. of Santa Clara, 2015 WL 1230316, at *6 (N.D. Cal. Mar. 17, 2015) (same).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:16-cv-01883-CAS(SSx) | Date | August 9, 2016 |
|---|---|---|---|
| Title | ERIKA MADRIGAL V. SENIOR AEROSPACE SSP, ET AL. | | |

Accordingly, the Court finds that plaintiff has failed to sufficiently allege that she suffers from a qualifying disability. The Court, therefore, GRANTS defendant's motion to dismiss plaintiff's disability-based claims.

## IV. CONCLUSION

In accordance with the foregoing the Court **GRANTS WITHOUT PREJUDICE** defendants' motion to dismiss plaintiff's Fifth, Sixth, Seventh, Eighth, and Ninth Claim. Plaintiff is hereby granted **thirty(30) days** in which to file an amended complaint addressing the deficiencies identified herein. Failure to do so will result in dismissal of plaintiff's claims with prejudice.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |